[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This administrative appeal is brought by Douglas L. Dortenzio, Chief of Police of the Wallingford Police Department. Chief Dortenzio challenges the decision of the State of Connecticut Freedom of Information Commission (hereinafter "FOIC"), a respondent to this appeal. The other party in the case is Douglas Fairchild, a Wallingford police officer, who brought the underlying complaint to the FOIC.
The issue presented by this appeal is whether a predisciplinary "Loudermill"[1] hearing is a meeting for the purposes of General Statutes § 1-18a(b) of the Freedom of Information Act (FOIA).
The issue is presented by the following factual scenario. Allegations relating to Officer Fairchild's work performance were referred by Deputy Police Chief Darrell E. York to Police Lieutenant Cameron, Fairchild's direct supervisor. Lieutenant Cameron conducted an investigation and reported to Deputy Chief York, who in turn referred the matter to Chief Dortenzio for final disciplinary disposition. Deputy Chief York found deficits in Sergeant Fairchild's performance and recommended disciplinary action.
Chief Dortenzio on July 30, 1993 notified Sergeant Fairchild of a "predisciplinary conference" scheduled for 0800 hours August 24, 1993 (R # 10). Sergeant Fairchild requested that such conference be open to the public and that it be audio or video taped at his expense. These requests were denied, precipitating Sergeant Fairchild's complaint to the FOIC.
The conference proceeded on August 24, 1993 without formal testimony. Following the conference Sergeant Fairchild was disciplined by a suspension from service for a period of three days, without pay.
Sergeant Fairchild initiated a grievance challenging the disciplinary action, through a collective bargaining agreement in effect between a union representing police officers and the Town of Wallingford.
The town of Wallingford has no independent Police Commission, the Police Chief and/or Personnel Director are authorized to discipline employees of the Police Department. CT Page 7487
Sergeant Fairchild's complaint to the FOIC of September 2, 1993, was heard by a FOIC hearing officer, as a contested case, on November 18, 1993.
The hearing officer's proposed decision was adopted by the FOIC on January 26, 1994 and mailed to the parties on January 31, 1994.
The Plaintiff initiated this appeal on March 17, 1994. The appeal is brought pursuant to General Statutes §§ 4-183
and 1-21i(d).
The Record was filed by the FOIC and Plaintiff filed his brief on June 23, 1994. The respondent briefs were filed on July 25, 1994. The appeal was argued orally on November 13, 1996.
The FOIC challenges the Plaintiff's claim of aggrievement. In appeals pursuant to § 1-21(i)d) there is a twofold test for aggrievement. Aggrievement requires a showing of (1) a specific personal and legal interest in the subject matter of the FOIC decision, and (2) a specific and injurious effect on this specific interest. Zoning Board ofAppeals v. FOIC, 198 Conn. 498, 502 (1986); Local 1303,Local 1378 v. FOIC, 191 Conn. 173, 176 (1983).
Chief Dortenzio was found by the FOIC to have violated the provision of the Freedom of Information Act. Section 1-21k(b) of the FOIA makes a violation a criminal class B misdemeanor. Such a risk of prosecution establishes the requisite "specific and personal" interest in the validity of such order. Board of Pardons v. FOIC, 210 Conn. 646, 650
(1989). This is even the case were the order is only prospective in nature, Kelly v. FOIC, 221 Conn. 300, 314
(1992). Also, see Maloney v. Pac, 183 Conn. 313, 321-22
(1981) and Kuker v. Arkis, 169 Conn. 66, 73 (1975).
The Plaintiff is aggrieved, and his appeal is timely. The claims on the merits which are briefed are essentially two in number. Plaintiff claims that the predisciplinary conference falls within the statutory exception to "meeting" for "an administrative or staff meeting of a single member public agency. . . ." Section 1-18a(b). Alternatively, Plaintiff claims the FOIA exception for "strategy or CT Page 7488 negotiations with respect to collective bargaining." Section 1-18a(b).
 The overarching legislative policy of the FOIA is one that favors the open conduct of government . . . Perkins v. FOIC, 228 Conn. 158, 166 (1993). . . . The sponsors of the FOIA understand the legislation to express the people's sovereignty over the agencies which serve them . . . and this court consistently has interpreted that expression to require diligent protection of the public's right of access to agency proceedings. [The] construction of the [FOIA] must be guided by the policy favoring disclosure and exceptions to disclosure must be narrowly construed. (Citations and internal quotations omitted.)
Glastonbury Education Assn. v. FOIC, 234 Conn. 704, 710 (1995).
In addition to the strong policy recognized above, the language of 1-18a(b) indicates that the predisciplinary conference would be encompassed within "any hearing or other proceeding of a public agency. . . ." unless excluded by a specific narrowly construed exception. Whether or not a formal hearing, the predisciplinary conference would be a proceeding of the police department. Chief Dortenzio was acting for the department when he conducted the conference and imposed discipline.
The facts of this case resolve the application of the exceptions claims. Chief Dortenzio was not the direct supervisor of Sergeant Fairchild. The disciplinary process moved up the chain of command from Lt. Cameron to Deputy Chief York to Chief Dortenzio for disposition. The Chief's function at the predisciplinary conference was to effectuate the Wallingford Police Department's discipline as to Sergeant Fairchild. This was clearly distinguishable from administrative or staff meeting of either a more general or more informal nature.
The constitutionally mandated predisciplinary hearing is not an "administrative or staff meeting."
Plaintiff alternative assertion is the exception for "strategy or negotiation relating to collective bargaining." CT Page 7489 The collective bargaining grievance process is an integral part of collective bargaining. Board of Education v. StateBoard of Labor Relations, 217 Conn. 110, 120-21 (1991). However, the predisciplinary process is not a part of the grievance process. The employee may be entitled to union representation at the predisciplinary conference; but the grievance process commences after the imposition of discipline. (R. Ex. #13, Article 16, Section 2.)
This Court is directed by the Supreme Court to narrowly construe exceptions to the legislative policy of open conduct of public business. It is not consistent with such a clear policy mandate to expand the scope of the grievance process to encompass predisciplinary conferences, in order to fit within an exception related to "strategy or negotiations related to collective bargaining."
The "Loudermill" hearing that took place in this case closely resembles the proceeding contemplated by the United States Supreme Court. A process whereby testimony or evidence is not formally presented. The employee is faced with the charges and the imminence of disciplinary action. An opportunity for a limited general response is possible prior to the imposition of disciplinary action. Such a process does not clearly constitute either an "administrative or staff meeting" or "strategy or negotiations with respect to collective bargaining." If it is not clearly within the exceptions, they do not apply.
The FOIC noted in its decision that the FOIA allows for executive sessions relating to personnel matters, if the agency and employee agree. Sections 1-18a(e), 1-21(a), 1-21a(a) and 1-21a(b). Accordingly, these predisciplinary conferences will often be private by agreement of the parties.
The Appeal is dismissed.
Robert F. McWeeny, J.